[No. 1790.]

## HENRY PAUL *v.* THE STATE.

1. PRACTICE IN THE COURT OF APPEALS — WITHDRAWAL OF APPEAL.— After an appeal in a felony case has been perfected to this court, it can perhaps be withdrawn upon a written application signed by the appellant in person if such signature be duly authenticated by the clerk of the trial court; but such appeal cannot be withdrawn upon the motion of the appellant's attorney.

2. PRACTICE — PLEA.— The judgment in this case is entered upon what is recited to be a plea of "guilty" by the defendant, "after being warned of the consequences of such plea." An uncontroverted motion for new trial, sworn to by defendant, alleges that he was not "cognizant of the consequences of the charges made against him;" that an undue influence was exercised over his mind to induce him to plead guilty, before trial and while in jail, by an attorney at law; that he was taken into court and tried on the same day that the indictment against him was returned by the grand jury, and that he had never been served with a copy of the indictment. The rules with regard to a plea of guilty are that it must appear from the record that the defendant was admonished by the court as to the consequences of such a plea, that he was sane, and uninfluenced by any considerations of fear or by any persuasion or delusive hope of pardon. Without these prerequisites a plea of guilty is illegal.

3. SAME — EVIDENCE.— A rule applicable to cases wherein the accused enters his plea of guilty is as follows: "If the punishment of the offense is not absolutely fixed by law, and beyond the power of the jury to graduate it in any manner, a jury shall be impaneled to assess the punishment, and evidence be submitted to enable them to decide thereupon."

APPEAL from the District Court of Dallas. Tried below before the Hon. G. N. Aldredge.

The conviction in this case was for theft of property over the value of $20. A term of two years in the penitentiary was the punishment assessed.

The opinion discloses the case.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. In the record in this case we find an application, signed "Henry Paul by his attorney M. D. Robertson," to withdraw this appeal, and upon this application the assistant attorney general bases a motion to dismiss the appeal.

After an appeal in a felony case has been perfected, an appellant can perhaps, by written application signed by himself in person and the signature duly authenticated by the clerk of the court which tried the case, withdraw his appeal from this court, but his attorney has no such authority to withdraw the same for him. We therefore refuse upon the application here shown to allow the appeal to be withdrawn, and the motion of the assistant attorney general is also overruled.

This judgment of conviction is entered upon what is recited to be a plea of "guilty" by the defendant, "after being warned of the consequences of such a plea." In a motion for a new trial sworn to by defendant, and not attempted to be controverted by the State, he alleges that he was not "cognizant of the consequences of the charges made against him;" "that an undue influence was exercised over his mind to induce him to plead guilty through an attorney at law who advised him to do so while he was in jail and before trial;" "that he was taken from jail to trial, and at no time served with a copy of the indictment as the law directs, and furthermore was tried even on the same day of the return of the indictment into court by the grand jury." The statement that he was tried on the same day the indictment was returned into court is borne out by the dates in the record. From the verdict of the jury and the recitals in the judgment it is further manifest that no evidence was introduced on the trial.

The rules with regard to a plea of guilty are that "it must appear from the record that defendant was admonished by the court as to the consequences of such a plea; that he was sane, and uninfluenced by any considerations of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt. A plea of guilty without these prerequisites is not legal, and consequently a judgment thereon is one rendered without plea, and is of course without authority of law." (*Harris* v. *The State, ante*, p. 559.)

"If the punishment of the offense is not absolutely fixed by law and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." (Code Crim. Proc., arts. 518, 519, 534; *Saunders* v. *The State*, 10 Texas Ct. App., 336; *Wallace* v. *The State*, 10 Texas Ct. App., 407; *Frosh* v. *The State*, 11 Texas Ct. App., 280.)

---

---

Because the plea upon which judgment was rendered was insufficient, and because no evidence was submitted to enable the jury to decide upon the punishment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered February 18, 1885.]